**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TARJA MAKINEN | ) | |
| | ) | |
| v. | ) | 3-08-CV-1115-M |
| | ) | |
| FFE TRANSPORTATION SERVICES, | ) | |
| INC., ET AL | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

On June 30, 2008, the *pro se* complaint[1] of Tarja Makinen together with Ms. Makinen's motion for leave to proceed *in forma pauperis* were filed in the above styled and numbered action. Because the information provided in support of her *in forma pauperis* request was insufficient, on July 7, 2008, the court filed its order transmitting a blank affidavit form to Plaintiff. Her completed affidavit was returned and filed on July 21, 2008. Attached to the completed affidavit were matters from a bankruptcy proceeding.

By letter dated July 24, 2008 (Attachment 1) the court requested additional information relating to her bankruptcy petition. In her letter dated July 27, 2008 (Attachment 2), Plaintiff provided the docket number of her petition and the bankruptcy court in which it had been filed.

On August 4, 2008 (Attachment 3), the court again wrote Ms. Makinen requesting additional

---

[1] As attachments to her complaint she included a copy of the EEOC's right-to-sue letter and a letter of explanation from the enforcement investigator.

information relating to her bankruptcy petition. In her letter dated August 11, 2008, and filed on August 19, 2008, she included documents relating to her bankruptcy petition filed in the United States Bankruptcy Court for the Northern District of Georgia - including a schedule of assets filed with her *pro se* bankruptcy petition - and a copy of the EEOC's right-to-sue letter dated March 31, 2008, relating to the EEOC complaint which she had filed on August 2, 2007.

As a result of this additional information and in accordance with the opinion of the Fifth Circuit in *Wieberg v. GTE Southwest, Inc.,* 272 F.3d 302 (5th Cir. 2001) on August 20, 2008, the court filed an order to show cause to which Martha A. Miller, the trustee in Plaintiff's bankruptcy proceeding, responded by letter dated August 27, 2008 (Attachment 4).

It is clear that the discrimination claim which Plaintiff seeks to pursue in the present action pre-dated the date on which she filed her Chapter 7 bankruptcy petition. It is equally clear that she failed to include the claim in her schedule of assets, *See* attachment to Makinen's August 11, 2008, letter. Finally, the trustee has determined that it would not be in the best interest of the bankruptcy estate to move to re-open the bankruptcy proceeding and to prosecute the employment discrimination claim.[2] It is well settled that only the bankruptcy trustee has standing to pursue a claim for discrimination against American Eagle Lines and any other entity identified as a defendant in the complaint which Ms. Makinen filed in this court on July 30, 2008. A litigant's standing to seek legal redress is a necessary condition to satisfying the "case and controversy" requirement of the United States Constitution, Art. 3, § 2, cl. 1.

**RECOMMENDATION**:

---

[2]In light of the contents of the EEOC's investigator's letter it appears that the decision not to pursue the claim on behalf of the bankruptcy estate and for the possible benefit of creditors is well-founded.

2

For the foregoing reasons and due to Tarja Makinen's lack of standing to bring a Title VII action this case should be dismissed for want of jurisdiction.

A copy of this recommendation shall be transmitted to Plaintiff.

SIGNED this 5th day of September, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.